## SHERWOOD v. HUBBEL.

A copy of a deed from the record, admissible in the trial of the title to lands.

A discharge given to the grantor of lands by the grantee, who has conveyed to other persons with warranty, doth not remove his interest.

ACTION on the covenants of seisin, in a deed dated the 17th of February A. D. 1786, alleging that the defendant was not seized of said lands, but that one William Dunscomb was seized at the time of executing said deed.

Plea in bar — That the defendant was well seized of said land on the 17th of February A. D. 1786 — without that that said William Dunscomb was seized. Issue to the jury.

The plaintiff offered in evidence a copy of a deed from the records, of said land to William Dunscomb, to prove that the title was in him. To which it was objected that the original ought to be produced.

By the COURT. It being an authenticated copy of record it is legal evidence, and it being the best evidence the nature of the case admits of; the original is the property and in the possession of said Dunscomb and the plaintiff hath it not in his power to produce it.

John Dunscomb conveyed this land to the defendant with warranty, and the defendant had sold and conveyed parcels of the same land with warranty to other people. The defendant executed and delivered to said John Dunscomb a discharge from his covenants in said deed, and of all actions and causes of action on that account; and moved that he might be sworn as a witness.

By the COURT. He is still interested; for the defendant's discharge will be no bar to his grantees bringing an action against said Dunscomb, upon his covenants, as assigns to the defendant for the land conveyed to them.